# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LETETRA WILSON

VERSUS

DOLLAR TREE STORES, INC.

**JANUARY 29, 2024**

---

In Re:   Dollar Tree Stores, Inc., applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 711007.

---

**BEFORE:   McCLENDON, HESTER, AND MILLER, JJ.**

**WRIT GRANTED.** We find the trial court erred in its September 1, 2023 judgment denying the motion for summary judgment filed by defendant, Dollar Tree Stores, Inc. Under La. R.S. 9:2800.6, plaintiff, Letetra Wilson, had the burden of proving the condition presented an unreasonable risk of harm that was reasonably foreseeable, the defendant either created or had actual or constructive knowledge of the alleged dangerous condition, and the defendant failed to exercise reasonable care. **Latour v. Steamboats, LLC**, 2023-00027 (La. 10/20/23), 371 So.3d 1026, 1035-36. The question of whether a condition is open and obvious is embraced within the breach of the duty element of the duty/risk analysis and is not a jurisprudential doctrine barring recovery, but only a factor of the risk/utility balancing test. **Farrell v. Circle K Stores, Inc.**, 2022-00849 (La. 3/17/23), 359 So.3d 467, 478. Specifically, it falls within the ambit of the second factor of the risk/utility balancing test, which considers the likelihood and magnitude of the harm, and it is not a consideration for determining the legal question of the existence of a duty. **Id.** The magnitude of harm factor asks whether the condition presents a risk of great or small injury and the likelihood of each, which includes a consideration of the open and obviousness of the condition. **Rainey v. Knight**, 2023-0133 (La. App. 1st Cir. 11/3/23), ___ So.3d ___, 2023 WL 7270745, *4. For a hazard to be considered open and obvious, it must be one that is open and obvious to all who may encounter it; if so, that reasonable person would avoid it, and the factor will weigh in favor of finding the condition not unreasonably dangerous. **Id.** Additionally, the lack of reported complaints regarding a complained-of condition indicates a low risk of harm. **Id.** Considering the plaintiff's own testimony and the apparent lack of prior complaints or incidents, we find that a reasonable person would have found the condition (a stack of bottled water cases) open and obvious and would have avoided it. The stack of bottled water cases was apparent to all who encountered it; further, a pedestrian has a duty to see what should be seen and is bound to observe his course to

see if his pathway is clear. **Id.** Accordingly, this factor weighs in favor of finding the complained-of condition to not be unreasonably dangerous, and we find the likelihood and magnitude of the harm to be minimal. **Id.** While no evidence was presented as to costs of prevention, the display of the stacked water bottles had utility in order that customers could readily find the items and presented a minimal risk of harm. In conclusion, we find that the burden shifted to the plaintiff, Letetra Wilson, and she has failed to produce evidence sufficient to establish the existence of a genuine issue of material fact on an essential element of her claim. Therefore, we reverse the trial court's September 1, 2023 judgment, grant the motion for summary judgment filed by defendant, and dismiss the claims of the plaintiff, Letetra Wilson, against the defendant, Dollar Tree Stores, Inc.

**PMc**
**CHH**
**SMM**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT